or divorce. Findings of fact and conclusions of law inconsistent herewith are reversed and such new findings and conclusions will be made as may be necessary to sustain the judgment. Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ., concur. Settle order on notice.

CHARLES MISURACA, an Infant, by LORENZO MISURACA, His Guardian ad Litem, Respondent, v. HERTZ DRIVURSELF STATIONS, INC. (NEW YORK), and AUGUST SCHWALBOCK, Appellants.— Judgment unanimously affirmed, with costs, under section 106 of the Civil Practice Act. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.

LORENZO MISURACA, Appellant, v. HERTZ DRIVURSELF STATIONS, INC. (NEW YORK), and AUGUST SCHWALBOCK, Respondents.— Order denying plaintiff's motion to set aside the verdict unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.

OLDVINE REALTY CO., INC., Respondent, v. NALMITH REALTY CORPORATION, Appellant.— Order denying defendant's motion to strike out paragraphs 7, 8 and 9 of plaintiff's reply affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.

104 AMITY STREET CORPORATION, Respondent, v. FEDERAL ELECTRIC COMPANY, INCORPORATED, Defendant, and SIEGFRIED WOLLNER, Appellant.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. In our opinion, the sale by the Talbot Agency, Inc., to Anna M. Talbot, the mother of the owners of the Talbot Agency, Inc., and the subsequent sale by her to the 104 Amity Street Corporation, the plaintiff, was a scheme to defraud the creditors of the Talbot Agency, Inc. Though, apparently, adequate consideration was paid by Anna M. Talbot for a conveyance of the property to her, yet the facts and circumstances surrounding the transfer are indicative of a plan or scheme to keep the equity in the property for the owners of the Talbot Agency, Inc., rather than to permit the same to be subject to the payment of judgments against the Talbot Agency, Inc., and its other creditors. The plaintiff took title with notice of such fraudulent purpose and took only such title as was in the grantor, Anna M. Talbot. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ., concur. Settle order on notice.

MARIE ORLANDO, Respondent, v. BROOKLYN & RICHMOND FERRY CO., INC., Appellant.— Order granting plaintiff's demand for a jury trial affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

ANTHONY PANZICA, an Infant, by LEONARDO PANZICA, His Guardian ad Litem, Appellant, v. H. C. H. BUILDING CORPORATION, Respondent.—Judgment dismissing complaint reversed upon the law and the facts, and a new trial granted, costs to abide the event. It was error to hold as a matter of law that the plaintiff was guilty of contributory negligence. The evidence presented a question of fact for the jury on that point. A *prima facie* case of negligence on the part of the defendant is also established in the record. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur.

ALEXANDER POLIN, Appellant, v. SAM KAPLAN, as President of Moving Picture